# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| JEVIC HOLDING CORP., et al.,[1] | Case No. 08-11006 (BLS) |
| Debtors. | (Jointly Administered) |
| THE CIT GROUP/BUSINESS CREDIT, INC., as agent for itself and the Lender Group, | |
| v. | Adv. Pro. No. 19-50256 (BLS) |
| JEVIC HOLDING CORP.; JEVIC TRANSPORTATION, INC.; CREEK ROAD PROPERTIES, LLC; GEORGE L. MILLER, solely in his capacity as Chapter 7 Trustee of the bankruptcy estates of Jevic Holding Corp., et al.; THE GOODYEAR TIRE & RUBBER CO.; ACTION CALENDAR & SPECIALTY CO., INC.; IRVING OIL CORPORATION; HARTFORD FIRE INSURANCE COMPANY; THE ILLUMINATING COMPANY; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC; WILLIAMS SCOTSMAN, INC.; SUNGARD AVAILABILITY SERVICES LP; PACHULSKI STANG ZIEHL & JONES LLP; MORRIS ANDERSON & ASSOCIATES; and KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP, | **Related to Adv. Pro. Docket Nos. 19 & 20** |
| Defendants. | |

**JOINDER OF IRVING OIL CORPORATION
TO THE MOTION OF PACHULSKI STANG ZIEHL & JONES LLP TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6)**

Irving Oil Corporation ("Defendant" or "Irving"), by and through its undersigned counsel, hereby joins (the "Joinder") in *Pachulski Stang Ziehl & Jones LLP's Motion to Dismiss Complaint for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6)* [Adv. Pro. Docket No. 19] (the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of the Debtors' federal tax identification numbers are: Jevic Holding Corp. (8738); Creek Road Properties, LLC (9874); and Jevic Transportation, Inc. (3402).

"Motion") and the supporting *Memorandum of Points and Authorities* [Adv. Pro. Docket No. 20] (the "Brief")² and reserves its right to file any responsive pleadings with respect to the Motion and be heard at any hearing on the Motion.

In support of its Joinder, Irving respectfully represents as follows:

## BACKGROUND

1. On May 20, 2008 (the "Petition Date"), Jevic Holding Corporation ("Jevic Holding"), Creek Road Properties, LLC, and Jevic Transportation, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Bankruptcy Court"), commencing the above-captioned bankruptcy cases (the "Cases").

2. The Debtors were a hybrid less-than-truckload and truckload carrier that provided regional and inter-regional time definite delivery across the United States and parts of Canada. Irving was a supplier of the Debtors businesses both pre- and post-petition and held both a pre-petition unsecured claim and an administrative claim.

3. As set forth in the Brief, in order to resolve the Cases, Plaintiff CIT Group/Business Credit, Inc. ("CIT"), the Debtors, the Official Committee of Unsecured Creditors, and certain other parties, entered into the Settlement Agreement. Pursuant to the Settlement Agreement, CIT paid the CIT Payment to the Debtors and the funds were distributed to administrative claimants, among others. Among those distributions was payment to Irving in the amount of $126,803.09 (the "Irving Admin Payment") as payment for approximately 76% of its administrative claim. The Irving Admin Payment was paid by check from the Debtors' estates on September 30, 2013. Thereafter, on October 18, 2013, Irving received a minimal distribution on

---

² Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term as set forth in the Brief.

account of its general unsecured claim of $12,662.81 (the "Irving GUC Payment," together with the Irving Admin Payment, the "Irving Payments").  To date, Irving has never received a payment directly from CIT.  Subsequent to the Irving Payments, Irving wrote off $306,870.85 of amounts owed to it by the Debtors.

4. On March 22, 2017, the Supreme Court of the United States overturned the Bankruptcy Court's order approving the Settlement Agreement and dismissing these Cases. Thereafter, the Cases were reopened by the Bankruptcy Court and converted to cases under chapter 7 of the Bankruptcy Code.

5. Plaintiff filed the Complaint on June 3, 2019 [Adv. Pro. Docket No. 1].  The Complaint seeks return of the distributions made in accordance with the Settlement Agreement, including the Irving Admin Payment.

## **JOINDER**

6. Through this Joinder, Irving hereby joins in the arguments raised in the Motion and Brief and expressly adopts, raises, and incorporates such arguments therein as if fully set forth herein.[3]  As set forth more fully in the Brief, CIT has failed to state a claim for declaratory judgment against Irving as set forth in Count I.  Similarly, CIT fails to state a claim pursuant to restitution due to unjust enrichment as set forth in Count II, because, among other things, CIT did not pay the Irving Admin Payment to Irving but instead the payment came from the Debtors.

---

[3] For the avoidance of doubt, Irving joins only in this arguments that are applicable to it.  Specifically, the Brief asserts that the claims of Pachulski Stang & Ziehl, LLP were approved by Court through final fee order.  However, Irving's claim was instead a post-petition administrative claim and not a professional fee claim approved by order of this Court

3

## CONCLUSION

7.    Accordingly, for the reasons set forth herein and in the Motion and Brief, Irving respectfully requests that the Court dismiss the Adversary Proceeding with prejudice and grant such further relief as it deems just and proper.

Dated: May 12, 2020

/s/ Morgan L. Patterson
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:  matthew.ward@wbd-us.com
          morgan.patterson@wbd-us.com

*Counsel to Irving Oil Corporation*